**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEIBY ALEXANDER MENDOZA PAVON,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2049-G** |
| **FRED FIGUEROA, Warden,** | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Leiby Alexander Mendoza Pavon, a noncitizen proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1. United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. For the reasons set forth below, the undersigned recommends that the Court dismiss this action without prejudice due to Petitioner's failure either to pay the filing fee or to file a motion to proceed in forma pauperis.

## I. Discussion

Upon initial review, the Court determined that Petitioner had not paid the required $5.00 filing fee or, alternatively, filed a motion to proceed in forma pauperis. Doc. 6. On August 17, 2026, the Court ordered Petitioner to cure this deficiency not later than September 8, 2026, and warned that "failure to do so may result in dismissal of this action." *Id.* (citation modified); *see also* LCvR3.2(b) (mandating payment of filing fee "or the

matter may be subject to dismissal without prejudice"). The Court directed the Clerk of Court to send Petitioner the necessary form to comply with the Order. Doc. 6. The docket indicates via ECF Staff Notes that the Clerk of Court mailed the Order and necessary form to Petitioner at Diamondback Correctional Facility.

On September 1, 2026, the Court ordered Petitioner to cure the deficiency not later than September 22, 2026, again warning that "failure to do so may result in dismissal of this action." Doc. 9 (citation modified). This second Order was issued because Petitioner included a different address for Diamondback Correctional Facility in his Petition than the address the Clerk of Court had used to mail the first Order to Petitioner. *Id.*; Doc. 1 at 2. The Court directed the Clerk of Court to send Petitioner the necessary form to comply with the second Order. Doc. 9. The docket indicates via ECF Staff Notes that the Clerk of Court mailed the Order and necessary form to Petitioner both at Diamondback Correctional Facility and at the address included in the Petition.

Petitioner has failed to comply with the Orders to pay his filing fee or to file a motion to proceed in forma pauperis. He has also failed to show good cause for his failure to comply or to request an extension of time in which to comply. On September 14, 2026, mail (including the second Order) addressed to Petitioner both at Diamondback Correctional Facility and at the address included in the Petition was returned to the Court as undeliverable. Docs. 10-11.

A court has the inherent authority to manage its own affairs, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), and it may dismiss an action if a litigant "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ.

P. 41(b). *See Link*, 370 U.S. at 630-31 (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). Petitioner's pro se status does not exempt him from following the rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (explaining that pro se parties must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)). A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

Petitioner's failure to comply with the Court's Orders and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by **October 14, 2026**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of September, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE